# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

CLINTON RABUN, et al.,                   :
                                         :
               Plaintiffs,      :
                                         :
      v.                              :       CIVIL ACTION NO.
                                         :       1:08-CV-0296-JOF
GEORGIA DEPARTMENT OF                     :
HUMAN RESOURCES, et al.,                  :
                                         :
               Defendants.      :

## OPINION AND ORDER

The instant matter is before the court on Defendants' Motion to Dismiss [8], Motion to Stay Pending Ruling on the Motion to Dismiss [9] and Motion to Seal Exhibits [13].

## I.  Background

On February 24, 2006, the Department of Family and Children Services ("DFACS") removed E.R., a two-year-old female child, and M.R., a six-year-old male child, from the home of their parents, Clinton and Mary Kathleen Rabun, and placed them in a foster home run by Mr. Rabun's parents.  The children remained separated from their parents for ninety-two days.  The instant action arises out of proceedings in juvenile court in Coweta County, Georgia, addressing the custody of E.R. and M.R.

On January 28, 2008, Mr. and Mrs. Rabun filed a complaint in this court on behalf of themselves and their children against the Georgia Department of Human Resources ("DHR"), DFACS, and DFACS and DHR employees Connie Singleton and Chantil Hill in their individual and official capacities. Plaintiffs alleged substantive due process violations under the Georgia and United States Constitutions, privacy rights violations, and state law claims of intentional infliction of emotional distress. Plaintiffs demanded compensatory damages, punitive damages, and attorneys' fees and costs under O.C.G.A. § 13-6-11.

Plaintiffs' contentions are based on their allegations that Defendants (1) placed the children in a foster home not suitable for children under eight years old where they were forced to sleep on the couch or share a room and where they were exposed to other children with histories of theft and drug use; (2) did not consult Plaintiffs about their desire that the children be placed with Mr. Rabun's parents; (3) denied the children access to their half siblings; (4) provided false and/or misleading information to the Juvenile Court including statements that Plaintiffs would not cooperate with DFACS and that Mrs. Rabun was a heavy drug user; (5) altered and/or falsified case documents; (6) denied Plaintiffs access to certain programs, including treatment programs; (7) required that Plaintiffs pay for various tests and counseling sessions out of pocket; (8) engaged in online shopping during a meeting with Plaintiffs; (9) refused to reunite Mrs. Rabun with her children without a drug test; and

AO 72A
(Rev.8/82)

(10) released Plaintiffs' confidential information. Defendants filed the instant Motion to Dismiss and Motion to Stay on May 23, 2008.

## II. Discussion

Defendants have raised numerous grounds on which this court may dismiss this matter.[1] The court will address (1) whether Plaintiffs' federal claims against DHR, DFACS, and Singleton and Hill in their official capacities are barred by the Eleventh Amendment, and (2) whether Plaintiffs' federal claims against Singleton and Hill in their individual capacities are barred by qualified immunity.

The Eleventh Amendment protects states and state officials in their official capacity from lawsuits in federal court unless the state either consents to suit or waives its immunity. *Powell v. Dep't of Human Resources of State of Georgia*, 918 F. Supp. 1575, 1578 (S.D. Ga. 1996). DHR, DFACS and their respective officials are protected by the Eleventh Amendment. *See Nevada Dep't of Human Resources v. Hibbs*, 538 U.S. 721 (2003) (illustrating Department of Human Resouces is an arm of the state); *Bendiburg v. Dempsey*, 707 F. Supp. 1318, 1330-32 (N.D. Ga. 1989) (discussing DFACS as state agency entitled

---

[1]Specifically, Defendants maintain that (1) this court must abstain from taking jurisdiction over their matter under the Rooker-Feldman Doctrine; (2) Plaintiffs have failed to state a claim for a Fourteenth Amendment substantive due process violation; (3) Defendants Singleton and Hill are entitled to absolute and qualified immunity; (4) Defendants are immune from suit under the Eleventh Amendment; (5) DHR, DFACS, and Hill and Singleton in their official capacities are not "persons" under 42 U.S.C. § 1983; (6) there is no private right of action to enforce HIPAA, 42 U.S.C. § 290dd-2 violations; and (7) Plaintiffs' state law claims are barred by sovereign immunity.

to immunity), *aff'd in part and rev'd in part on other grounds*, 909 F.2d 463 (11th Cir. 1990); *see also Travis v. Drummond*, No. 1:04-710, 2006 WL 949940 (N.D. Ga. April 10, 2006) (finding DFACS is immune under Eleventh Amendment); *Powell v. Dep't of Human Resources of the State of Georgia*, 918 F. Supp. 1575, 1578-79 (S.D. Ga.) (same). The State of Georgia has not consented to suit or waived its immunity with respect to Plaintiffs' federal claims. Counts two and three of Plaintiffs' complaint are DISMISSED as to DHR, DFACS, and Hill and Singleton in their official capacities.

The doctrine of qualified immunity shields government officials from personal civil liability when performing discretionary functions unless their conduct violates a "clearly established statutory or constitutional right of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The test for qualified immunity is twofold – first, the court must determine whether the facts, taken in the light most favorable to the plaintiff allege that a constitutional right was violated. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the plaintiff's allegations indicate that a constitutional violation has occurred, "the next sequential step is to ask whether the right was clearly established." *Id.*

Plaintiffs allege that DFACS and DHR, presumably through their agents Hill and Singleton, denied Plaintiffs' substantive due process "right to protection of their person and from unnecessary harm while in government custody"; "right to due process without false and misleading statements in order to improperly remove the Minor Children from

4

Plaintiffs' custody and care"; and "right to reasonable and expeditious efforts to reunite the Minor Children with their family." (Cmpl. ¶ 79). The only specific allegation that Plaintiffs make against Singleton is that she testified at various hearings; and the only specific allegation that Plaintiffs make against Hill is that she was shopping online during a meeting and she refused to provide Plaintiffs a referral to a drug counseling center. Plaintiffs also seem to allege that Hill denied Plaintiffs' right to privacy when she faxed Plaintiffs' confidential information to the wrong fax number in violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 U.S.C. § 290dd-2.

Substantive due process protects fundamental rights protected under the constitution that are "implicit to the concept of ordered liberty." *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (*en banc*). Plaintiffs' alleged "right to protection of their person and from unnecessary harm while in government custody" seems to be the most closely analogous to the liberty interest found in *Taylor v. Ledbetter*, 818 F.2d 791 (11th Cir. 1987) (*en banc*). There, the Eleventh Circuit found that a child in foster care may prevail in a section 1983 action against state officials where the child alleges more than incidental injuries or infrequent acts of abuse and proves state officials were deliberately indifferent to the child's welfare. Plaintiffs' alleged "right to due process without false and misleading statements in order to improperly remove the Minor Children from Plaintiffs' custody and care"[2] and

_____

[2]Plaintiffs' complaint alleges that DFACS and DHR through their agents provided false information to the Juvenile Court and Plaintiffs' response alleges that "Singleton

5

"right to reasonable and expeditious efforts to reunite the Minor Children with their family" seem most closely analogous to the right of family integrity or association. *See Lehr v. Robertson*, 463 U.S. 248, 258 (1983) ("[t]he relationship of love and duty in a recognized family unit is an interest in liberty entitled to constitutional protection").

To prevail on a claim regarding family integrity, the plaintiffs must prove that the state interfered without justification. *Foy v. Holston*, 94 F.3d 1528, 1536 (11th Cir. 1996). "Family relationships are an area of state concern, and the state has a compelling interest in removing children who may be abused"; therefore, "the right to family integrity clearly does not include a constitutional right to be free from child abuse investigations." *Id.* at 1536-37. While there is in some sense a constitutional right to "privacy," *see Lawrence v. Texas*, 539 U.S. 558 (2003) (discussing "right to privacy" in penumbras of constitutional provisions other than the Due Process clause), there is no constitutional right to have your confidential information protected or to avoid violations of HIPAA. *See Blessing v. Freestone*, 520 U.S. 329, 340 (1997) ("[i]n order to seek redress through § 1983, . . . a plaintiff must assert a violation of a federal *right*, not merely a violation of federal law").

Here, Plaintiffs have not alleged that E.R. and M.R. were subjected to physical harm or frequent acts of abuse while under the supervision of Defendants in the foster care

---

provided falsified testimony to the juvenile court." These allegations do not fit within the rubric of substantive due process; however, the court has considered them. The Supreme Court has clearly held that a plaintiff may not bring a section 1983 claim against an official based upon alleged perjury. *Briscoe v. LaHue*, 460 U.S. 325 (1983).

6

system. Plaintiffs argue at most that the children experienced discomfort and emotional distress. Plaintiffs have likewise not alleged any unjustified interference by the state in their familial integrity. Because the court finds that Plaintiffs' allegations, if true, do not support a constitutional violation, the court need not address whether the rights in question were clearly established. Counts 2 and 3 of Plaintiffs' complaint are DISMISSED as to Defendants Hill and Singleton in their individual capacities.

Having dismissed all the federal claims in this matter, the court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims in Counts 1 and 4 and DISMISSES them on that basis. *See* 28 U.S.C. § 1367(c)(3) (stating that district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction).

AO 72A
(Rev.8/82)

### III. Conclusion

Defendants' Motion to Dismiss is GRANTED [8].  Defendants' Motion to Stay is DENIED AS MOOT [9].  The court GRANTS Defendants' Motion to Seal [13] for good cause shown.[3]

**IT IS SO ORDERED** this 19th day of February 2009.

_____ s/ J. Owen Forrester _____
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

---

[3]Defendants request that the court seal three orders from the Juvenile Court because they name the minor children, E.R. and M.R.

8